UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD BURGESS, )<br>)<br>Petitioner, )<br>)<br>)<br>)<br>JAMIE RASKIN *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 24-3649 (UNA) |

**MEMORANDUM OPINION**

Reginald Burgess, appearing *pro se*, has filed a "Petition for Declaratory and Mandatory Injunctive Relief – aka Writ of Mandamus" and an application to proceed *in forma pauperis* (IFP). For the following reasons, the court grants the IFP application and dismisses the Petition.

Questioning President Donald Trump's eligibility to hold office, Burgess seeks a writ of mandamus to compel U.S. Congressman Jamie Raskin and "all other Congressional Members So Similarly Situated," Pet.'s Caption, to "enforce Section 3 of the 14th amendment at the very least . . . by ordering the taking of the required vote described in the final sentence of Section 3 of the 14th amendment." Pet., ECF No. 1 at 11 ¶ 49. The final sentence permits Congress to remove a "disability" barring service "by a vote of two-thirds of each House[.]" U.S. Const. amend. XIV § 3.

The mandamus statute confers in federal district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It does not apply to members of Congress. *See Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) (In enacting § 1361, "Congress was thinking solely in terms of the executive branch"); *accord United States v. Choi*, 818 F. Supp. 2d 79 (D.D.C.

2011), citing *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007).  Therefore, this case will be dismissed by separate order.

Date: April 2, 2025

          /s/
TANYA S. CHUTKAN
United States District Judge